# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

In re: AMR Corporation,

*Debtor.*

_____

Lawrence M. Meadows,

*Creditor-Appellant,*

v.                                                                  18-753

AMR Corporation,
*Debtor-Appellee.*

_____

**FOR CREDITOR-APPELLANT:**            LAWRENCE M. MEADOWS, Park City, UT.

**FOR DEBTOR-APPELLEE:**            Alfredo R. Pérez, Christopher M. Lopez,
Weil, Gotshal & Manges LLP, Houston, TX.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lawrence M. Meadows, pro se, appeals from a district court judgment that affirmed the bankruptcy court's orders enforcing a plan and confirmation order—in AMR Corporation's Chapter 11 bankruptcy petition—against Meadows and denying reconsideration. The district court prohibited him from seeking any further relief against American Airlines ("American") based on conduct that arose prepetition, directed him to dismiss his pending actions against American, and required him to communicate about all matters concerning his litigation exclusively with American's outside counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d. Cir. 2006) (internal quotation marks omitted). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).

Upon review, we conclude that the district court properly affirmed the bankruptcy court's orders. We affirm for substantially the reasons stated by the district court in its thorough March 2, 2018 order. As to Meadows's challenge to the order directing that he speak only to American's outside counsel about his litigation, his characterization of the order on appeal is overbroad. The bankruptcy court's order barred him only from speaking with American employees about his "pending litigation

2

matters" and expressly provided that it did not "prohibit Meadows from contacting American to the extent he is permitted to do so in connection with his prior employment, nor [did] it limit his conduct in his position as founder of the Disabled Pilots Foundation or in any other similar organization." App'x at 1602.

We have considered all of Meadows's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3